J. DeWITT BUTTS, Respondent, *v.* THE J. C. MACKEY COMPANY, Appellant.

*Negligence — contract to furnish a fire extinguishing equipment, including a water tank, upon the roof — tank furnished by a sub-contractor — liability of the contractor for damages caused by water leaking from the tank — assignability of the claims of tenants for damages to their goods.*

A company engaged in supplying buildings with a sprinkling system for extinguishing fires contracted with the owner of a building to equip it, for a certain sum, with a system, which included a water tank to be placed upon the roof, and sublet the furnishing of the tank to a third person, who constructed it and placed it on the roof. Thereafter, an agent of the company who had general supervision of the work, without investigating the tank to see if it would hold water, directed a servant of the owner to fill the tank, which he did accordingly. The tank proved leaky and the water ran therefrom down the sides of the wall beneath, behind tin flashing which had drawn away from the brick work. The roof, notwithstanding this defect in the flashing, was sufficient for the ordinary purposes of a roof.

The tenants in the building, whose goods were injured by the water, assigned their claims for damages to their goods to the owner of the building, who brought an action thereon against the company, and recovered judgment.

*Held,* that the rule invoked by the defendant, that, having sublet the making of the tank to a responsible and competent builder, it was not liable to third parties for damages caused by the negligence of its sub-contractor, did not apply, as the defect in the tank was a defect in the very article which the defendant had contracted to furnish as a part of the equipment, and the damages were caus:d by the negligent act of the defendant's agent in directing the tank to be filled;

That no negligence could be imputed to the plaintiff because of the act of his servant in filling the tank by direction of the defendant's agent, since, although the servant had general charge of the building for the plaintiff, he did not appear to have had any special information in regard to the work or the condition of the tank, and he properly assumed that the defendant's agent knew whether it was safe to fill the tank;

That the claims of the tenants for damages to their goods were assignable.

APPEAL by the defendant, the J. C. Mackey Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Monroe county on the 15th day of August, 1892, upon the report of a referee.

*A. N. Wilson,* for the appellant.

*William N. Cogswell,* for the respondent.

LEWIS, J. :

The defendant is a domestic corporation engaged in supplying buildings with a sprinkling system for extinguishing fires known as the J. C. Mackey Company automatic fire extinguisher. Plaintiff, being the owner of a block of buildings in the city of Rochester, entered into a contract with the defendant by the terms of which the defendant agreed to equip said block of buildings with its automatic sprinkling system. A part of the equipment consisted of a tank of sufficient capacity to hold the necessary water for the operation of the plant, which the defendant contracted to furnish and place upon trestle work over the building and connect therewith water pipes for the purpose of filling the tank with water, for all of which the plaintiff agreed to pay the defendant $1,850. The defendant sublet to the firm of T. F. Montgomery & Son of the city of Rochester the furnishing of the tank. Montgomery & Son constructed the tank and placed it in position over the building, and, upon water being let into it, it was found to leak, and Montgomery

& Son repaired it. One F. L. Bellows, the defendant's secretary, had general charge of the work and of testing it. After the tank was repaired and the pipes were in place, plaintiff's servant, by direction of Bellows, let water into it for the purpose of testing the plant. The tank still leaked, and the water ran out of it down into the building, and damaged a quantity of goods and materials therein belonging to the plaintiff's tenants. They severally assigned their claims for damages to the plaintiff, and he brought this action, which was duly referred, and a judgment was entered upon the report of the referee in favor of the plaintiff for the damages to the goods, and from said judgment this appeal was taken.

The tank was placed upon a trestle over a center brick fire wall, the top of which extended above the roof of the building. The water, in leaking from the tank, ran down this fire wall behind some tin flashing, which was originally inserted into the brick wall, but which had settled and drawn away from the brick, and the water thus made its way into the building and caused the damage. The roof, notwithstanding the defect mentioned, was sufficient for the ordinary purposes of a roof.

The appellant contends that, having sublet the making of the tank to Montgomery & Son, who were responsible and competent builders, it is not liable to third parties for damages caused by the negligence of its sub-contractors. The tank in question was a part of the equipment which the defendant had contracted to furnish. The defect which caused the damages was in the very article which the defendant had contracted to furnish. We incline to the opinion that the rule suggested by the appellant has no application in such a case. As we have seen, the defendant's agent had general supervision of the work, and personally directed Angel, the plaintiff's servant, to let the water into the tank without investigating to ascertain if it would hold water. This negligent act of defendant's agent caused the damages complained of. While Angel had general charge of the building for the plaintiff, he does not appear to have had any special information in regard to this work or the condition of the tank after the repairs were made. He very properly assumed that Bellows knew whether it was safe to fill the tank with water. No negligence can be imputable to the plaintiff because of the act of Angel.

Whether the defendant had formally, as between itself and Montgomery & Son, accepted the tank as completed is not material. Bellows was there to test the apparatus, and in order to do so it was necessary that the tank should be filled, and in consequence of its defective condition the damage ensued.

The claims of the tenants for damages to their goods were assignable. (§ 1912, Code Civ. Proc.)

The referee found that their claims had been properly assigned to the plaintiff, and no exception was taken to this finding.

We see no reason for a reversal of the judgment, and it should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed.