(156 App. Div. 126.)

## DRUMMOND v. ALFRED E. NORTON CO.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. MASTER AND SERVANT (§§ 121, 204*)—INJURY TO SERVANT—LIABILITY OF MASTER—ASSUMPTION OF RISK.

Labor Law (Consol. Laws 1909, c. 31) § 20, requiring contractors for the iron and steel of buildings to plank over the tier of iron or steel on which the structural iron or steel work is being erected, except spaces required for the construction of the work and places designated for stairways and elevator shafts, and sections 200 and 202, as amended by Laws 1910, c. 352, defining the liability of employers and assumption of risk and contributory negligence, require that on the setting and bolting of the floor beams the contractor must floor over the whole space with the exception of the places necessary for hoisting purposes, stairways,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and elevator shafts, and nothing may be done on the floor in preparation for actual work for further erection until that duty has been accomplished, but employés employed in laying the floor assume the risks incident to the open floor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231, 544–546; Dec. Dig. §§ 121, 204.*]

2. STATUTES (§ 221*)—CONSTRUCTION—EVIDENCE.

Where the court must determine whether a statute applies to a particular situation, the recognized custom of a trade, business, or occupation is admissible.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 293, 299; Dec. Dig. § 221.*]

3. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—EVIDENCE—ADMISSIBILITY.

In an action for injuries to a structural iron and steel employé caused by the failure of the contractor to lay the floor required by Labor Law (Consol. Laws 1909, c. 31) § 20, evidence that it was practicable and customary to lay floors at the stage the work was in at the time of the accident was admissible on the issue of negligence of the contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

Appeal from Trial Term, New York County.

Action by Jennie Drummond, as administratrix of William Drummond, deceased, against the Alfred E. Norton Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See, also, 149 App. Div. 915, 133 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Amos H. Stephens, of New York City (Frank V. Johnson, of New York City, of counsel), for appellant.

Ralph Gillette, of New York City, for respondent.

CLARKE, J. The deceased, William Drummond, was an iron worker in the employ of the defendant, a contractor for structural iron and steel work upon a building being erected by defendant. He was 30 years of age at the time of his death, earning $5 per day, and left surviving him his widow and a daughter five years of age. On November 9, 1910, about 3:30 p. m., Drummond was one of a gang of six men in charge of a foreman named Harris, when he met the accident which caused his death on November 23d following.

The beams of the twelfth floor had been put in position, and, by the derrick which had been erected on the tenth floor, a number of columns had been hoisted to the twelfth floor. The boards which had covered the tenth floor had been collected and hoisted to the twelfth floor, but had not been laid so as to cover the whole floor. Then the derrick had been hoisted to the twelfth floor and the last occupant of the tenth floor had gone up to the twelfth. The panel at the locus in quo was 19 feet 2 inches broad from east to west and 17 feet 3 inches from north to south. The panel is bounded by the column beams and is subdivided into three spaces, the center one 7

feet wide and the east and west spaces each 6 feet and 1 inch in width. The derrick has a heavy foot block upon which it rests and works when in position. It had been located just north of the center column beam bounding the southern extremity of the center space so as to allow just space enough for the bringing up of the boom after the derrick was in position. The derrick had been erected and guyed. Drummond was ordered by Harris, the foreman, to cut loose the chain on the load tackle, and, sitting in a boatswain's chair, he was hauled up about 40 feet and did cut it loose; but the tag line fell between the load tackle lead and the mast, and when Drummond, after being lowered, standing on the westerly end of the foot block, endeavored to get the tag line loose, he took hold of the mast with his left hand and pulled upon the tag line with his right. On the second pull, this line came loose suddenly, Drummond lost his balance, stepped back with his foot to save himself, and went off northwesterly, falling backwards through the open westerly space to the ninth floor, 40 feet below, receiving injuries resulting in death.

He was in the performance of his work and duty under the direct orders of Harris, his foreman, who, it is conceded, was "a person intrusted with authority to direct, control, or command other employés in the performance of their duties, so that his employer might he held responsible for injuries occasioned by his negligence under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) as amended by chapter 352, Laws of 1910." There were no planks covering this space through which he fell. The space south of the panel in which the derrick was erected had been planked, and rigging and materials were placed thereon, and one of the men had started to lay, and had laid, one plank in this space of this center panel when Harris directed him to stop and do some other work. The operation of raising the derrick from the tenth to the twelfth floor had commenced at about 12 o'clock on that day, and the accident took place at quarter to half past 3.

Section 20 of the Labor Law (chapter 31, Cons. Laws; chapter 36, Laws 1909) provides as follows:

"If the floor beams are of iron or steel, the contractors for the iron or steel work of buildings in course of construction or the owners of such buildings shall thoroughly plank over the entire tier of iron or steel beams on which the structural iron or steel work is being erected, except such spaces' as may be reasonably required for the proper construction of such iron or steel work, and for the raising or lowering of materials to be used in the construction of such building, or such spaces as may be designated by the plans and specifications for stairways and elevator shafts."

This accident occurred on the 9th day of November, 1910, and therefore after chapter 352 of the Laws of 1910, which amended the Labor Law, and article 14 thereof, known as the Employer's Liability Act, which took effect on the 1st of September, was in force. The notice was served under said act and, as permitted by the new law, a demand was made for greater particularity, and in response thereto an amended notice was served, which notices are good.

The amendments to the act are very important. The act is entitled "An act to amend the Labor Law in relation to employer's

liability." Sections 200 and 202 of chapter 36, Laws of 1909 (chapter 31, Cons. Laws), are amended to read as follows:

"Sec. 200. Employer's liability for injuries. When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time: (1) by reason of any defect in the condition of the ways, works, machinery, or plant, connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works, machinery, or plant, were in proper condition; (2) by reason of the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employé in the performance of the duty of such employé. The employé, or in case the injury results in death, the executor or administrator of a deceased employé who has left him surviving a husband, wife or next of kin, shall have the same right of compensation and remedies against the employer as if the employé had not been an employé or not in the service of the employer nor engaged in his work. * * * "

Section 202 provides:

"Assumption of risks; contributory negligence, when a question of fact. An employé by entering upon or continuing in the service of the employer shall be presumed to have assented to the necessary risks of the occupation and employment and no others. The necessary risks of the occupation or employment, shall, in all cases arising after this article takes effect, be considered as including those risks, and those only, inherent in the nature of the business which remain after the employer has exercised due care in providing for the safety of his employés, and has complied with the laws affecting or regulating such business or occupation for the greater safety of such employés. In an action brought to recover damages for personal injury or for death resulting therefrom received after this act takes effect, owing to any cause, including open and visible defects, for which the employer would be liable but for the hitherto available defense of assumption of risk by the employé, the fact that the employé continued in the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed of the danger of personal injury therefrom shall not be, as matter of fact or as matter of law, an assumption of the risk of injury therefrom, but an employé, or his legal representative, shall not be entitled under this article to any right of compensation or remedy against the employer in any case where such employé knew of the defect or negligence which caused the injury and failed, within a reasonable time, to give, or cause to be given, information thereof to the employer, or to some person superior to himself in the service of the employer, or who had intrusted to him some superintendence, unless it shall appear on the trial that such defect or negligence was known to such employer, or superior person, prior to such injuries to the employé; or unless such defect could have been discovered by such employer by reasonable and proper care, tests or inspection."

And the chapter was amended by adding section 202a:

"Trial; burden of proof. On the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant."

[1] In my opinion the liability of the defendants rests upon the requirements of section 20 of the Labor Law, supra:

"If the floor beams are of iron or steel, the contractor * * * shall thoroughly plank over the entire tier of iron or steel on which the structural iron or steel work is being erected."

The learned trial court said to the jury:

"I charge you that this statute is a measure for the benefit of workmen engaged in steel construction such as Drummond was in this instance; that the words 'is being erected' are words of identification and not of limitation; they do not limit the time when the planks must be put down, but they identify or designate the tier which is to be thoroughly planked over, as for example, the tier on which the iron work is being erected in contradistinction to the tier on which the iron work has just been completed. If the view I take of this statute is right, it requires the contractor to thoroughly plank over the entire tier on which the structural steel work is being erected except the excepted places, as soon as practicable after the tier below is finished and before the men begin to face the perils of work thereon. It includes the work which is preliminary to erecting steel on that tier as well as the actual placing of the steel in the vertical position. Therefore it becomes important upon this second branch of the plaintiff's case for you to determine whether the space which was left and through which Drummond fell was reasonably required for the construction of the steel work, or for the raising and lowering of materials to be used in the construction of such building."

A specific exception was taken by the defendant to the court's interpretation of section 20, and especially with respect to the language therein that the words " 'is being erected' are words of identification and not limitation; that the act requires that the beams be planked over as soon as practicable after they have been removed, regardless of whether they are erecting beams of iron above that tier or not." If the trial court's interpretation of this section of the Labor Law is erroneous, this judgment cannot stand because in the charge, and in the rulings upon requests to charge his view was so forcefully made manifest that it would be impossible to ignore it. Of course, there is a period of time after the iron or steel beams are erected when they cannot be covered and when employés thereon are subject to risks of the employment which are open and obvious and do not proceed from any negligence of the employer or any failure of statutory duty but are inherent in the nature of the business itself. The men, for instance, who are laying the floor, are subject to these risks.

The appellant insists that a similar claim has already been passed upon by this court in the case of Stephan, Administrator, v. Heckscher, 143 App. Div. 932, 128 N. Y. Supp. 1146, in which the plaintiff appealed from an order setting aside a verdict and dismissing the complaint, which order was affirmed without opinion. In that case he says the facts and the contention made in behalf of plaintiff were almost identical to those in this case; the only difference being that the decedent in that case was sent to tighten a turn-buckle while a derrick was being erected at a place where the beams had not been planked over, and in this case the decedent was performing other duties in connection with the placing of a derrick where the beams were not thoroughly planked over.

The Stephan Case is clearly distinguishable. That case was brought under the Employer's Liability Act prior to the amendment of 1910. The trial court dismissed the complaint on the ground that:

"The notice being defective, the case stood as an action at common law, and plaintiff's intestate had assumed the risk."

141 N.Y.S.—3

The Knisley Case, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, upon which the respondents in that action relied, has been since overruled. Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042. Furthermore, the intestate in that case, while tightening a turn-buckle, fell from the second tier at a time when the tier below had not been completed, whereas in the case at bar no question is raised as to the sufficiency of the notice, the twelfth and all the lower tiers had been completed, and the work had advanced to a further stage, as the mast and foot block had been placed in permanent position and the turn-buckle tightened and three or four loads of iron for the erection of the columns had been landed on the twelfth tier. Cain testified:

"Prior to the accident there were three or four drafts of iron hoisted from the tenth floor and landed on the twelfth. Those loads consisted of columns. * * * 'Prior to the time when those loads of iron were raised to the twelfth tier, the floor beams of the whole twelfth tier were all put in position and bolted."

I think that a reasonable construction of this statute requires us to hold that upon the setting and bolting of the floor beams it became the duty of the employer to then floor over the whole space, with the exception of the places necessary to be kept open for hoisting purposes, stairways, and elevator walls, and that nothing should have been done upon the floor in preparation for, or anticipation of, the actual work of further erection until that duty, prescribed by the statute, had been accomplished. In other words, that the only class of workmen properly subjected to the risks incident to the open floor after the setting of the beams were those employed in the laying of the floor. There is evidence in this case that the foreman stopped the laying of the floor in the vicinity of this derrick and that that positive interference caused the open space through which the deceased fell. We think there was no error in the charge in this regard.

[2] The appellant complains that evidence as to custom in planking over was erroneously admitted. I do not think so. The recognized custom of a trade, business, or occupation is admissible. Dick v. Steel Masonry & Contracting Co., 153 App. Div. 651, 138 N. Y. Supp. 700; Shannahan v. Empire Engineering Corporation, 204 N. Y. 543, 98 N. E. 9. Especially when the court is trying to find out whether the terms of a statute apply to the particular situation presented.

[3] If it was practicable, if it was the custom, to floor over at this stage of the work and around this instrument, proof of a violation of that custom was fairly admissible as bearing upon the negligence of the defendant, because the violation of the statute was only evidence of negligence and not conclusive.

We have examined carefully the whole record and considered the points raised, but find no grounds to disturb the judgment. No complaint is made of the size of the verdict.

The judgment and order appealed from should therefore be affirmed, with costs to the respondent. All concur.