(164 App. Div. 604)

### MIELE v. ROSENBLATT et al.   (No. 6445.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

1. MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—ADMISSIBILITY OF EVIDENCE—CUSTOM.

   Where a servant contended that his injury resulted from the master's failure to furnish him with proper tools, evidence that it was the custom of the trade to furnish the tools he contended were necessary is admissible if it appeared that defendant had notice thereof, if it was a limited custom, or if the custom was so general as to raise a presumption of notice.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

2. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

   In an action for injuries to a servant, where plaintiff was seeking to establish a custom of the trade with reference to tools used for particular work, the questioning of a witness who had worked at that trade in several shops as to how that work was done in those shops was not objectionable as calling for a conclusion.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. EVIDENCE (§ 516*)—OPINION EVIDENCE—EXPERT TESTIMONY.

   Nor did such question call for expert testimony for the purpose of showing the custom.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2325; Dec. Dig. § 516.*]

4. EVIDENCE (§ 540*)—OPINION EVIDENCE—SPECIAL KNOWLEDGE—CUSTOM OF THE TRADE.

   Witnesses who had worked at a particular trade for 50 and 14 years, respectively, in several different shops, are qualified to testify as to a custom of that trade, although they did not know the particular usage in each shop in that locality.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2353; Dec. Dig. § 540.*]

5. APPEAL AND ERROR (§ 232*)—PRESENTING QUESTIONS IN LOWER COURT—OBJECTIONS TO TESTIMONY—REASONS.

   Objections to testimony as to the existence of a trade custom on the ground that the questions asked called for a conclusion and for expert testimony, that the witnesses were not qualified, and that the evidence does not tend to show a universal custom, are not sufficient to call the court's attention to the failure to show that there was a custom, before asking what that custom was, so as to render that objection available upon appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

   Ingraham, P. J., and McLaughlin, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Robert Miele against Salem Rosenblatt and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

E. Clyde Sherwood, of New York City, for appellants.

Bernard Gordon, of New York City, for respondent.

HOTCHKISS, J. The plaintiff, an employé of defendants in their factory in this city, was injured while sharpening a small steel drill. The sharpening was done by repeatedly heating and hammering the cutting end of the drill. When sufficiently heated the drill was hammered out on a small slab of steel resting on the end of a bench or table supporting a lathe operated by artificial power and vibrating from the effect thereof. To enable him to hold and manipulate the drill, plaintiff was furnished with a pair of ordinary gas pliers, more or less defective from use. I am satisfied that the judgment was right so far as defendant's negligence and plaintiff's absence from contributory negligence are concerned. The only question of any seriousness arises from the admission of testimony.

[1] One of the questions sharply contested on the trial was the appropriateness of the gas pliers and the steel slab with its uncertain support. Plaintiff contended that the proper implements with which he should have been furnished were a pair of blacksmith's tongs and a firmly supported anvil. To sustain this contention, testimony was offered in his behalf tending to show a custom to use these latter devices. Such testimony was proper (Drummond v. Norton, 156 App. Div. 126, 133, 141 N. Y. Supp. 29), and the custom might have been of a limited character, in which case proof of defendants' knowledge was necessary, or it must have been so general as to have raised a presumption of knowledge on their part. Rickerson v. Hartford Ins. Co., 149 N. Y. 307, 316, 43 N. E. 856.

[2-4] Danks, a witness for plaintiff, testified that he had been a button cutter for 13 or 14 years, and had worked for defendants. He had worked in four or five shops in New York City and in Massachusetts shops. He was asked, "Will you state how that [the work of sharpening] was done in other shops?" This was objected to on the ground that: (1) It called for a conclusion; (2) expert testimony for the purpose of showing custom; (3) the witness is not *qualified* to testify on those subjects. None of these objections was tenable.

[5] The witness then answered that in the other shops "there was either a man kept specially for that purpose of forging out drills * * * or they had proper tools." He was then asked, without objection, to describe the method customarily pursued, and he answered, without objection, "There is a blacksmith's anvil and a blacksmith's tongs." A sample of such tongs was offered in evidence, and the following question was asked: "Q. Is that the tongs customarily used in this other place you have referred to? A. That is just the kind." After he had answered, plaintiff offered the tongs in evidence, and defendants' counsel said, "I make the same objection; it does not tend

to show *universal* custom"; but he took no exception and asked for no ruling, nor did he move to strike out the answer already received. Then, by the court: "Q. Is that the kind of tongs that is customarily used in the trade in doing the work which you have testified that you and the plaintiff were doing at the time of the accident? A. Yes, sir." The tongs were then offered and received in evidence over defendants' "same objection" and exception. I take it that "same objection" means that it did not tend to show universal custom; but the question formulated by the court was perfectly proper in form; the only possible objection being that there had been no proof that in fact there was any custom whatever, general or particular.

Lane, another witness called by plaintiff, had been a button cutter for 50 years, and had worked in five shops in New York City and vicinity, where it was the custom for the operators to sharpen their own drills. "Q. Do you *know* the method and the tools that were customarily used for that purpose? A. Certainly. Q. On and prior to the 4th of September, 1912? A. Yes, sir." After the last answer had been received, the question which had evoked it was objected to because it did not state whether it referred to any general custom, or only to the custom in shops in which the witness worked. But the form of this question was good, and the preceding question, to which perhaps the objection was intended to be directed, was equally proper. The only objection to which the latter was open was again the fact that the witness had not specifically sworn to the existence of any custom. But as to this it may be said that if a workman in the trade for 50 years swears that he knows the "custom" pursued in any particular department, presumably there must have been a custom, or he could not know of it. The witness was then asked to state what the custom was. This question was unsuccessfully objected to on the ground, not that there had been no proof that there was any custom, but that it did not appear that the witness was "*qualified* to state the general custom in the business," and the witness answered, "Well, the custom is of a man when he is drawing out his drills, these blacksmith's tongs are kept in the shop for his use and likewise an anvil." As I have said, it was competent for plaintiff to prove a proper custom, but of course it was not competent to prove the practice pursued in particular shops. I do not think, however, that defendants' objections were directed to this point; they went, rather, to the qualification of the witnesses.

At the conclusion of plaintiff's case, defendants moved to strike out the testimony of Danks and Lane—

"upon the ground that neither of those witnesses were *qualified* * * * to testify as to custom, inasmuch as it appears from the evidence that there are at least 50 shops where this same work is done in New York City alone, and that according to the testimony of Danks, he only knows the instruments and the manner of the work that was done in four or five of these shops, * * * and Lane is familiar only with the manner in which the work is done and the instruments used in five of the shops, and that * * * they cannot possibly be *qualified* under those circumstances to testify as to the general custom in the business."

This again goes to qualification, and bases the lack of qualification on inability of the witnesses to testify as to what was done in *every*

shop, which of course was not necessary. There can be no question as to the qualification of the witnesses, who were men of many years' experience in the trade and presumably knew its usages. Had objection been made that, before they could speak, they must first show that there *was* a custom, it might have been availing on this appeal. No such objection, however, was made. Had it been, the proper question might have been put and answered satisfactorily. The point is narrow, and I do not think this judgment should be reversed in view of the failure of defendants to squarely bring to the attention of the trial court the points they now raise.

The judgment and order should be affirmed, with costs.

CLARKE and DOWLING, JJ., concur. INGRAHAM, P. J., and McLAUGHLIN, J., dissent.