# COURT OF APPEALS.

## July 11, 1916.

## THE PEOPLE v. WILLIAM BERTLINI.

ROBBERY—EVIDENCE IDENTIFYING DEFENDANT—ATTEMPT BY DEFENDANT TO SHOW ON CROSS-EXAMINATION THAT TESTIMONY OF WITNESS WAS NOT SPONTANEOUS BUT SUGGESTED BY PROSECUTION—PROPER ADMISSION OF OTHER EVIDENCE FOR PROSECUTION TENDING TO SHOW IDENTIFICATION WAS SPONTANEOUS—OBJECTIONS THERETO HELD TO BE TOO GENERAL TO BRING QUESTIONS NOW RAISED TO ATTENTION OF TRIAL COURT.

Defendant, who was on trial for robbery, in an attempt to show that his identification was not spontaneous, but the product of suggestion, proved by cross-examination that before a witness identified him on the stand, she had identified him in the Police Court. The People then gave evidence tending to prove that the identification was spontaneous by showing the circumstances attending it. *Held*, that the testimony was properly admitted. A witness who stated these facts was also allowed to state what was said at the time as to such identification by another witness who was present at the identification in Police Court, but had not then been called, under the objection that the words were not spoken in defendant's hearing. *Held*, that the objection was too general, and that even if the objection had been specific, the conversation was single and entire, and the words spoken by one of the parties to it could not be dislocated from their setting, and proved in isolation. The question was a proper one; it called for a statement of what happened and no point was made that the answer should be restricted to the words of one of the speakers, and, on motion to strike out, the point now raised was not fairly brought to the notice of the court.

(People v. Jung Hing, 212 N. Y. 401, distinguished)

(People v. Bertlini, 171 App. Div. 460, reversed.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 28, 1916, which reversed a judgment of the Kings County Court rendered upon a verdict convicting the defendant

of the crime of robbery in the first degree and granting a new trial.

The facts, so far as material, are stated in the opinion.

*Harry C. Lewis, District Attorney (Ralph E. Hemstreet and Harry G. Anderson,* of counsel), for appellant. It was no error for the trial court to admit the testimony that eight days after the commission of the crime the witnesses Bossi and Smith identified the respondent. (People v. Jung Hing, 212 N. Y. 401; 1 Jones Comm. on Ev., § 171; 1 Wigmore on Ev., § 15; People v. Buchanan, 145 N. Y. 1; People v. Zigouras, 163 N. Y. 250; Waldron v. Romaine, 22 N. Y. 368; Stape v. People, 85 N. Y. 390; People v. Barone, 161 N. Y. 451; Gray v. Met. Railway Co., 165 N. Y. 457; Blanchard v. New Jersey Stbt. Co., 67 Barb. 101, 105; 59 N. Y. 292.)

*Frank X. McCaffry,* for respondent. It was rightly held error for the trial court to admit the testimony of the People's witness Robert Malcolm as to his conversation with the People's witness Helen Smith at the Magistrate's Court, in the borough of Manhattan, not in defendant's presence or hearing, and as to her statements made to him therein in relation to the alleged identification of defendant by her, and also in admitting the testimony of said witness, Helen Smith, as to such statements. And it was also error to admit the testimony of said witness Malcolm as to his conversation with Mrs. Bossi, and her statements on the same occasion. (People v. Jung Hing, 212 N. Y. 393; People v. Katz, 209 N. Y. 311.)

CARDOZO, J.:

·The defendant has been convicted of the crime of robbery. In January, 1915, three men, claiming to be inspectors of the gas company, entered the house of John Bossi in Brooklyn. They seized and bound Mrs. Bossi, gagged her and tried to

chloroform her, and stole $8,700 in money and some jewelry from the safe. The People charge that one of the robbers is the defendant. Mrs. Bossi on the witness-stand identified him as the man who seized and bound her. A neighbor, Miss Helen Smith, identified him as one of three men whom she had seen entering the Bossi house and later leaving it on the day and at the hour of the robbery. The defendant tried to prove an alibi. The pivotal issue, therefore, was the identity of the robber.

The defendant urges, and the Appellate Division has held, that there was an error in the admission of evidence. It is said that evidence was received in disregard of the rule laid down in People v. Jung Hing (212 N. Y. 393, 401, 31 N. Y. Crim. 449). We held in that case that where witnesses for the People have identified a defendant, they ought not to be permitted, as part of their direct examination, to state that they also identified him before they went upon the stand. We said that this was "nothing more nor less than a bolstering of the present testimony of these witnesses by showing that on a prior occasion they said or did the same thing." We did not fail, however, to point out that the course of the trial might open the door to evidence of an earlier identification. Where testimony identifying the accused is attacked as a recent fabrication or as the product of the suggestion or influence of others — in these and like cases, earlier identification may repel an adverse inference. In this case the defendant proved the earlier idntification himself, and after casting slur on its sincerity, he now complains that the People were allowed to prove the circumstances attending it. To make this clear, we must follow the course of the trial.

The People called Mrs. Bossi as their witness. On her direct examination, she stated that the defendant was the robber. There was no attempt by the People to prove that she had ever identified him before. The defendant's counsel cross-examined her; she was asked whether she had identified the defendant at

the Police Court, whether she had been brought there by one Malcolm, a detective, whether Miss Smith had gone with her, whether Malcolm had said that he was going to bring them to the robber, and whether he had pointed to the defendant, and said that there was the man. To these questions or most of them, the witness answered yes. It was thus the defendant himself who proved that long before the witness identified him on the stand, she had identified him in the Police Court. He proved it in an attempt to show that the identification was not spontaneous, but the product of suggestion.

Another witness, a policeman, Erb, gave testimony for the People, and again the defendant went back to the events at the Police Court. Cross-examined by the defendant's counsel, Erb stated a conversation in the prison with Malcolm, the detective. Malcolm told him, he said, that two women had positively identified the defendant in the court room. All this was brought out by the defendant himself, and allowed to stand without objection.

It was after this evidence of an identification by the two women in the Police Court, and after this attempt to discredit it as the product of suggestion, that the People gave evidence tending to show that the identification was spontaneous. Malcolm, the detective, testified that he was standing with Mrs. Bossi and Miss Smith in the hall of the court house when the defendant and another man came out of the court room. He was asked to state what then happened in his presence. There was an objection and exception. His answer was that Miss Smith pulled his coat as soon as the defendant appeared, and said, " there is one of the men," and then Mrs. Bossi said the same thing. He asked them if they were sure, and they said they were. A motion to strike out the entire answer was denied. Later Miss Smith was called, and when asked to state what happened in the Police Court gave an account of it similar to

Malcolm's. There was an objection to the question, but no exception.

We think there was no error in any of these rulings. It was conceded at the Appellate Division that Malcolm's testimony would have been competent if restricted to the statements made by Mrs. Bossi at the moment of identification. It was said, however, that there was error in permiting the witness to include the statements of Miss Smith, who had not yet taken the stand and whose testimony, therefore, had not yet been impeached. To this there is a twofold answer. In the first place, the conversation was single and entire. Three persons took part in it. The words spoken by one of them could not be dislocated from their setting, and proved in isolation. In the second place, the objection was too general. On its face the question was a proper one. It called for a statement of what happened. No point was made that the answer should be restricted to the words of one of the speakers. The only point was that no answer whatever should be allowed because the words were not spoken in the defendant's hearing. At that time, indeed, it was not known whether the answer would show that Miss Smith had said anything. But even after the answer had been given, there was still no attempt by the defendant to discriminate between the admission of Mrs. Bossi's words and the admission of Miss Smith's. A general motion was made to strike out the entire answer, and again upon the ground that the defendant was not present. If the defendant wished to split the answer into two parts, one to be admitted and the other rejected, he did not fairly bring his point to the notice of the court.

What we have said of Malcolm's testimony applies equally to Miss Smith's. In her case there is the additional feature that the objection was not followed by an exception. But the exception, if taken, would have pointed to no error. Upon her examination as upon Malcolm's, the question was a general one, calling for a statement of the happenings at the Police Court;

the answered disclosed a single conversation, which could not proprly have been dismembered; and the objection did not suggest that part of the conversation should be admitted and another part excluded.

Our conclusion is that Mrs. Bossi's identification of the defendant had been assailed as inspired by the police; that to meet this assault the People had the right to show that it was spontaneous; and that they could do this, not only out of the mouth of Mrs. Bossi herself, but also from the lips of others. (Potter v. Browne, 197 N. Y. 288, 293; People v. Brooks, 131 N. Y. 321, 10 N. Y. Crim. 132.)

The judgment of the Appellate Division should be reversed and the judgment of conviction affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN and SEABURY, JJ., concur; HOGAN, J., not voting.

Judgment reversed, etc.