MAGDALENE LYLES, as Administratrix of the Estate of
RUDOLPH D. LYLES, Appellant, v. THE TERRY &
TENCH COMPANY, INCORPORATED, Respondent.

Labor Law — provision thereof requiring owners to
thoroughly plank over steel and iron beams — when question
whether this was done one of fact for a jury, not of law for the
court.

1. The Labor Law (Cons. Laws, ch. 31, § 20) requires that con-
tractors or owners erecting a building with iron or steel beams " shall
thoroughly plank over the entire tier of iron or steel beams and extend-
ing not less than six feet beyond such beams on which the structural
iron or steel work is being erected." The master does not discharge
this duty by throwing the boards down, and then closing them to
passage. The duty to lay the planking imports a duty to maintain it
free from unreasonable obstruction.

2. An ironworker employed in the construction of a large building,
who had to go from one end of a floor to the other, walked over plank-
ing laid upon the steel framework of the floor until he came to a pile
of steel beams which had been thrown across his path. He climbed
over the beams and in so doing was injured. The jury found by their
verdict that no planking sufficient to supply a pathway of reasonable
safety had been placed on either side of the obstruction. The
Appellate Division held that it was a question of fact whether plank-
ing had been provided on the east side of the obstruction but that
the uncontradicted evidence showed sufficient planking to the west
and, thus interpreting the evidence, dismissed the complaint. The
testimony of the plaintiff, supported and strengthened by a witness,
shows that there was no clear and safe pathway to the west of the
obstruction. This was contradicted by a photograph produced by the
defendant which shows two planks clear, and two obstructed, but
plaintiff's witness testified that these planks were laid by himself
after the accident and before the photograph was taken and the
verdict of the jury imports a finding that the photograph was false.
It follows, therefore, that the question whether the beams were
" thoroughly " planked was for the jury and that the decision of the
Appellate Division should be reversed.

*Lyles* v. *Terry & Tench Co.*, 172 App. Div. 496, reversed.

(Argued November 24, 1919; decided December 9, 1919.)

APPEAL from a judgment, entered May 13, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. Pending the appeal to this court, the original plaintiff died, and his administratrix was substituted.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene L. McCollum* for appellant. The trial court was right in allowing plaintiff's counsel to cross-examine his own witness on new matter brought out by the defendant's attorney on cross-examination concerning which new matter the witness was in no way interrogated on the direct examination. (*Hubner* v. *Met. St. Ry. Co.*, 77 App. Div. 290; 177 N. Y. 523; *Maloney* v. *Martin*, 81 App. Div. 432; 178 N. Y. 552.)

*Charles Capron Marsh* and *Frederick Hallock Stokes* for respondent. The plaintiff wholly failed to sustain the burden of proof as to the alleged negligence of the defendant. (*Lalor* v. *City of New York*, 208 N. Y. 431; *McHugh* v. *G. C. Bldg. Const. Co.*, 133 App. Div. 100; *Ithaca Trust Co.* v. *Driscoll Brothers & Co.*, 169 App. Div. 377.) Prejudicial error was committed by the trial court in allowing the plaintiff to attempt to discredit his own witness and to prove the contents of contradictory statements made by the witness out of court. (*Bullard* v. *Pearsall*, 53 N. Y. 230; *People* v. *De Martini*, 213 N. Y. 203; *Nichols* v. *White*, 85 N. Y. 531; *Fall Brook Coal Co.* v. *Hewson*, 158 N. Y. 150; *O'Doherty* v. *Postal Telegraph Cable Co.*, 113 App. Div. 636; *Berkowsky* v. *New York City Railway Co.*, 127 App. Div. 544; *Fleischer* v. *Met. St. Ry. Co.*, 63 App. Div. 44; *Mason* v. *Corbin*, 33 Hun, 365; *Koslowski* v. *U. S. Steel Furniture Co.*, 169 App. Div. 76; *Power* v. *B. H. R. R. Co.*, 157 App. Div. 400.)

CARDOZO, J.   The plaintiff, an ironwroker, employed in the construction of the Hotel Biltmore in the city of New York, found it necessary to go from one end of the building to the other, to get some bolts.   He walked over planking, laid upon the steel framework of the fourteenth floor, until he came to an obstruction.   The obstruction was a pile of steel beams which had been thrown across his path.   He climbed over the beams, and in so doing, was injured.   The jury found by their verdict that no planking sufficient to supply a pathway of reasonable safety, had been placed on either side of the obstruction.   The Appellate Division held that it was a question of fact whether planking had been provided to the east, but that the uncontradicted evidence showed sufficient planking to the west; and thus interpreting the evidence, dismissed the complaint.

We think the presence of sufficient planking to the west as to the east, was a question for the jury.   The plaintiff says that he looked, and saw none on either side.   On cross-examination, he was led to admit the possibility that one or two planks might have been laid to the west without his seeing them.   Even so, a jury was not required to deny any significance to his statement that, looking, he saw none.   But the testimony of the plaintiff does not stand alone.   It is supported and strengthened by that of his witness, Cooney.   Cooney says that there was no pathway to the west.   There were one or two planks beside the base of the pile, but five or six beams jutted out across the planks, and impeded, without preventing, passage.   A photograph produced by the defendant shows two planks thus obstructed, and two others clear.   This photograph, according to Cooney, does not truly depict the situation at the moment of the accident.   He says that he himself laid the clear planks after the plaintiff was hurt, and before the photograph was taken.   This testimony seems to have been overlooked at the Appellate Division.   The trial judge instructed

the jury that if they found the photograph correct, they could give no verdict to the plaintiff. Their verdict in his favor imports a finding that it was false. Other photographs taken at the same time show ample planking at the east. The defendant concedes, however, that the situation at the east was a question for the jury. If the photographs misrepresented the situation on one side, a jury might not unreasonably accept the statement of Cooney that they did so on the other. In the view of the evidence most favorable to the plaintiff, the defendant had provided no planking on the left, and on the right had provided one or two boards obstructed by protruding beams.

We cannot say that such a walk makes out compliance with the defendant's duty. The statute requires that the contractors or the owners " shall thoroughly plank over the entire tier of iron or steel beams and extending not less than six feet beyond such beams on which the structural iron or steel work is being erected " (Labor Law, sec. 20; Consol. Laws, chap. 31; *Drummond* v. *Norton Co.*, 156 App. Div. 126; 213 N. Y. 670). Whether this had been done, was a question for the jury. It is not enough to show that an experienced ironworker might be able to walk without harm upon a bridge made of two planks, or even of one, and this whether unobstructed or obstructed. He might be able to do the same though there were no planks at all, by following the iron framework. That does not mean that his path would be safe. The very purpose of the statute was to guard him from such dangers. The beams are not merely to be planked here and there. They are to be " thoroughly " planked. The worker, in going his way about his work, is to be offered more than a choice of dangers. He is to have a way that is free from danger, to the extent that thorough planking of open spaces will give assurance of protection. Nor does the master discharge his duty by throwing the boards down, and then closing them to passage. The

duty to lay the planking imports a duty to maintain it free from unreasonable obstruction. Only then can it fulfill its function as one of the ways to be followed by the workman in his course about the building (*Nappa* v. *Erie R. R. Co.*, 195 N. Y. 176, 182). If part of the way is impassable, the part left open must be so large that it will not elude the eye of reasonable diligence, and so protected that, if observed, it may be followed with reasonable security. We are unwilling to hold that two planks, placed as were these, and impeded as were these, establish, as a matter of law, the fulfillment of the master's duty. The plaintiff might well believe that in climbing over the beams, piled, as he supposed, with the care which custom required, he was choosing the safer course.

Other rulings are pressed upon us by the defendant as sufficient, in any event, to require a new trial. We find no error to the prejudice of the defendant in any of them. There was none in the examination of the witness Gansler. The cross-examination opened the door to a full disclosure of everything said and done when Gansler was approached and his testimony solicited (*Nowack* v. *Met. Street Railway Co.*, 166 N. Y. 433; *Lacs* v. *Everard's Breweries*, 170 N. Y. 444; *People* v. *Bertlini*, 218 N. Y. 584, 586). There was none in the disposition of the requests to charge. They are too numerous to be reviewed in an opinion, but for illustration, we refer to one of them. The court was asked to charge: " There is no evidence that the defendant was not proceeding with the planking of the floor on which the plaintiff was hurt with all possible speed." Whether the work was going forward with due diligence, was a question of fact. The defendant's witnesses admit that in the section of the building where the accident occurred, the work of planking had stopped, and was not to be resumed. If open spaces remained, there was a duty yet undone. Other requests which the court declined to grant, involved a like encroachment upon the province of the jury.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

COLLIN, HOGAN, POUND and ELKUS, JJ., concur; HISCOCK, Ch. J., absent; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.