FRANK P. CHARLES, as Administrator of the Estate of
BERNARD CHARLES, Deceased, Appellant, v. WILLIAM
M. BARRETT, as President of the ADAMS EXPRESS
COMPANY, INC., Respondent.

Negligence — master and servant — general and special
employer — action to recover for death caused by motor truck
hired by express company from owner who cared for truck
and selected and paid driver — driver not special servant of
express company and company not liable for his negligence.

1. It is the rule that as long as an employee is furthering the business
of his general employer by service rendered to another, there will
be no inference of a new relation unless command has been surrendered,
and no inference of its surrender from the mere fact of its division.

2. Where the owner of a trucking business supplied defendant, an
express company, with a motor van and a chauffeur at a fixed rate
per hour, the defendant loading the van at its station and unloading
it at the railroad terminal, the van being sealed by the defendant at
the point of departure and unsealed at the point of destination, and,
between departure and destination, the truck remained without
interference or supervision in charge of the chauffeur, and while so
engaged the truck, through the undisputed negligence of the driver,
struck and killed the plaintiff's son, the defendant is not liable therefor.
From the time the truck left the point of departure until it reached
its destination the truck and driver were in the service of the owner
thereof as the general employer, and the duty of going carefully for
the safety of the van as well as for that of wayfarers remained a duty
which the driver owed to the master at whose hands he had received
possession of the van. Neither the contract nor its performance
shows a change of control so radical as to disturb that duty or its
incidence.

*Charles v. Barrett,* 197 App. Div. 584, affirmed.

(Argued January 26, 1922; decided March 7, 1922.)

APPEAL from a judgment, entered June 7, 1921, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, reversing a judgment in
favor of plaintiff entered upon a verdict and directing a
dismissal of the complaint.

[233 N. Y. 127] Opinion, per CARDOZO, J. [Mar.,

*Thomas J. O'Neill* and *Leonard F. Fish* for appellant. The driver of the truck was the servant of the defendant at the time of the accident. (*Braxton* v. *Mendelson*, 190 App. Div. 278; *Hartel* v. *Simonson*, 218 N. Y. 345; *Schmedes* v. *Deffaa*, 214 N. Y. 675; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Howard* v. *Ludwig*, 171 N. Y. 507.).

*Alfred W. Meldon* and *Joseph Force Crater* for respondent. The evidence conclusively shows that the driver of the truck at the time of the accident was the servant of Steinhauser and not the servant of respondent, and the dismissal of the complaint as to the latter by the Appellate Division was warranted and proper. (*Schmedes* v. *Deffaa*, 153 App. Div. 823; *Higgins* v. *W. U. Tel. Co.*, 156 N. Y. 75; *Standard Oil Co.* v. *Anderson*, 212 U. S. 221; *Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160; Shearman & Redf. on Neg. § 162; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 100; *Weaver* v. *Jackson*, 153 App. Div. 661; *Driscoll* v. *Towle*, 181 Mass. 416; *Hanatsek* v. *Wilson*, 161 App. Div. 634; *Vasligato* v. *Yellow Pine Co.*, 158 App. Div. 551.)

CARDOZO, J. One Steinhauser was in the trucking business. He supplied the Adams Express Company, the defendant, with a motor van and a chauffeur at the rate of $2 an hour. The defendant did the work of loading at its station and unloading at the railroad terminal. It sealed the van at the point of departure and unsealed at the point of destination. Between departure and destination, the truck remained without interference or supervision in charge of the chauffeur. While so engaged, it struck and killed the plaintiff's son. Negligence is not disputed. The question is whether the defendant shall answer for the wrong. The trial judge ruled as a matter of law that it must; the Appellate Division, holding the contrary, dismissed the complaint.

1922.] Opinion, per CARDOZO, J. [233 N. Y. 127]

We think that truck and driver were in the service of the general employer. There was no such change of masters as would relieve Steinhauser of liability if the driver of the van had broken the seals, and stolen the contents. By the same token, there was no such change as to relieve of liability for other torts committed in the conduct of the enterprise. Where to go and when might be determined for the driver by the commands of the defendant. The duty of going carefully, for the safety of the van as well as for that of wayfarers, remained a duty to the master at whose hands he had received possession. Neither the contract nor its performance shows a change of control so radical as to disturb that duty or its incidence. The plaintiff refers to precedents which may not unreasonably be interpreted as pointing in a different direction. Minute analysis will show that distinguishing features are not lacking. Thus, in *Hartell* v. *Simonson & Son Co.* (218 N. Y. 345) the special employer used his own truck. The submission to a new " sovereign " was more intimate and general (*Driscoll* v. *Towle,* 181 Mass. 416, 418). We do not say that in every case the line of division has been accurately drawn. The principle declared by the decisions remains unquestioned. At most the application is corrected. The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division (*McNamara* v. *Leipzig,* 227 N. Y. 291; *Matter of Schweitzer* v. *Thompson & Norris Co.,* 229 N. Y. 97; *Meade* v. *Motor Haulage Co., Inc.,* 233 N. Y. ——; *Driscoll* v. *Towle, supra*).

The judgment should be affirmed with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., not voting.

Judgment affirmed.