MARY F. GARLINGER, Respondent, Appellant, *v.* LINWOOD CONSTRUCTION COMPANY, Respondent, and THE MARINE TRUST COMPANY, Appellant.

Fourth Department, June 29, 1923.

Negligence — action to recover for injuries suffered when partition wall in building fell on plaintiff — defendant trust company owns building — partition wall in office was erected by workmen of defendant construction company with material furnished by it — workmen were in employ of construction company and not of trust company — negligence of trust company may be predicated on act of superintendent — error to charge jury that it might find that workmen were employees of trust company — error warrants reversal, though instruction not objected to.

In an action to recover damages for injuries suffered by the plaintiff when a partition wall which was being constructed for the purpose of making a division in the office in which plaintiff worked, fell upon her, it appeared that the defendant trust company was the owner of the building; that its superintendent asked the defendant construction company to send men to the building for the purpose of erecting the wall; that the defendant construction company furnished the men and the material; that the men reported to the superintendent of the defendant trust company who showed them the place where the wall was to be constructed; that the bill presented for the work shows that the labor was charged by the hour; that the defendant trust company had no control over the men while on the job and that the superintendent of the defendant trust company while the work was in progress insisted that the window be opened, which was done by one of the construction company's men against the orders given by the construction company and as a result a strong wind blew through the window against the wall causing it to fall.

*Held,* that the workmen engaged in the construction of the wall were not in the employ of the defendant trust company, and it was error, therefore, for the court so to instruct the jury, and although no exception was taken by the plaintiff to this charge it constitutes such an error of fact as to require reversal of the judgment in favor of the construction company.

Though negligence on the part of the trust company may be predicated on the act of the superintendent in having the window opened, still judgment should be reversed against the trust company for the error in the charge that the workmen were its employees.

APPEAL by the defendant, The Marine Trust Company, from a judgment of the Supreme Court in favor of the plaintiff and against said defendant, entered in the office of the clerk of the county of Erie on the 28th day of October, 1922, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 3d day of November, 1922, denying said defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, Mary F. Garlinger, from a judgment of the Supreme Court in favor of the Linwood Construction Company, entered in the office of the clerk of the county of Erie on the 19th day of January, 1923, upon the verdict of a jury, dismissing the complaint as to said defendant.

*George P. Keating,* for the appellant Marine Trust Company.

*William J. Flynn* [*Hamilton Ward* with him on the brief], for the plaintiff.

*Carlos C. Alden,* for the respondent Linwood Construction Company.

SEARS, J.:

The defendant Marine Trust Company operates an office building in the city of Buffalo. On December 14, 1920, among its tenants was the firm of Swan & Finch. The plaintiff was an employee of that firm and was injured on that day when a tile partition wall, which was being constructed for the purpose of making a division in the office occupied by the firm of Swan & Finch, fell upon her. For the injuries which she received she has recovered a verdict against the defendant Marine Trust Company, the jury at the same time exonerating the defendant Linwood Construction Company.

The court left it to the jury to say whether the workmen who were engaged in building the wall were in that operation the servants of the defendant Marine Trust Company, or of the defendant Linwood Construction Company. Although there was other evidence upon which the jury could have found a verdict against the Marine Trust Company, namely, the negligence of the super-

intendent of the Marine Trust Company himself, the facts in that regard were in dispute. The jury may have found its verdict upon the theory that the Marine Trust Company was the master of the men who were building the wall in that operation and that the Linwood Construction Company in such operation was not their master. We must, therefore, determine whether there was evidence to sustain a finding by the jury that the relation of master and servant at the time of the accident existed between the Marine Trust Company and the men.

The defendant Linwood Construction Company, which occupied an office in the Marine Trust Company building, was engaged in the contracting and constructing business in the city of Buffalo. The superintendent of the Marine Trust Company building came into the office of the Linwood Construction Company the day before the accident and said to the president of the Linwood Construction Company that he wanted a bricklayer and a laborer the next morning to report down at the Marine Trust Company building, to build a gypsum tile wall. The Linwood Construction Company had been doing work of this kind for the defendant Marine Trust Company, and at times tile and mortar were kept by it for such work at the Marine Trust Company building.

In response to the order of the superintendent of the Marine Trust Company building, the defendant Linwood Construction Company furnished the bricklayer and laborer for the job, ordering them to report to the janitor. On the morning of the accident the men reported to the superintendent of the Marine Trust Company building and were shown the room and the location where the partition was to be put up. The Linwood Construction Company furnished the material and did all the work of building the wall, except the painting, the plastering being sublet by the Linwood Construction Company to someone else. The bill presented shows labor charged by the hour, and charges made for tile, mortar and plastering. These facts fall short of establishing a relationship of master and servant between the Marine Trust Company and the men engaged in building the wall. The men were in the general employ of the Linwood Construction Company and the only order or direction given by the Marine Trust Company was to build a tile wall in a certain place. Aside from this, all control over the men remained with the Linwood Construction Company. The facts that no price was fixed for the work, and no specification furnished as to how the work should be done, and that the services of the men were charged for by the hour, do not affect the situation. (*Hexamer v. Webb*, 101 N. Y. 377.)

Despite the fact that the Linwood Construction Company's

president expressed the opinion on the witness stand that he " loaned " the men to the Marine Trust Company, the facts show that the Linwood Construction Company was doing the work; that the men in building the wall were engaged in the Linwood Construction Company's work, and that the Linwood Construction Company was an independent contractor. The bricklayer and laborer were its servants while building the wall. (*Howard* v. *Ludwig*, 171 N. Y. 507; *McNamara* v. *Leipzig*, 227 id. 291; *Matter of Litts* v. *Risley Lumber Co.*, 224 id. 321; *Butler* v. *Townsend*, 126 id. 105; *Kueckel* v. *Ryder*, 54 App. Div. 253; affd., 170 N. Y. 562, on opinion below.)

After the bricklayer had finished laying the tile, he left his helper to clean up, and at this point the superintendent of the building, coming in and finding the room full of dust, ordered the helper to open the window, which the helper, against the orders which had been given to him, and after some hesitation, did. While the window was open and a strong wind was blowing in, the wall fell. The superintendent denied telling the workman to open the window. Negligence of the Marine Trust Company might be predicated on this act of the superintendent and a new trial will, therefore, be necessary as to such defendant.

In view of what has been said, it was manifestly error in so far as the controversy was one between the plaintiff and the Linwood Construction Company to instruct the jury that they might find upon the evidence that the men employed in building the wall were the servants of the Marine Trust Company and not the servants of the Linwood Construction Company. This was prejudicial to the plaintiff in respect to her case against the Linwood Construction Company, and although no exception was taken by the plaintiff to this charge, it constitutes such an error of fact as to require a reversal of the judgment in favor of the Linwood Construction Company.

The judgments should be reversed and a new trial granted, with costs to the appellants severally to abide the event.

All concur.

On the plaintiff's appeal: Judgment reversed on the facts and new trial granted, with costs to appellant to abide event.

On the defendant's appeal: Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.