BERTHA BUSH, as Administratrix, etc., of JOHN C. BUSH, Deceased, Appellant, *v.* SINCLAIR-ROONEY & COMPANY, Respondent.

Fourth Department, December 5, 1923.

Negligence — action to recover for death of plaintiff's intestate who was killed by explosion of gasoline — explosion occurred in boiler room while independent contractor was repairing boiler — defendant's engineer assisted contractors in general way — no proof of engineer's duties — explosion caused by negligence of engineer in furnishing gasoline instead of kerosene for Wells light used in repair work — error to dismiss complaint at close of plaintiff's case — cannot be held as matter of law that engineer was not engaged in defendant's business.

It was error to dismiss the complaint at the close of the plaintiff's case in this action to recover damages for the death of the plaintiff's intestate who was killed by an explosion of gasoline, since it appears that at the time of the accident an independent contractor was engaged in repairing the boiler in defendant's plant; that the defendant's engineer who was in the general employ of the defendant, but the precise nature and extent of whose duties were not shown, assisted the repairmen in a general way; that the repairmen asked the engineer to get kerosene for the Wells light they were using; that the engineer procured gasoline from a chauffeur of the defendant and while putting it into the Wells light the explosion occurred.

Under the circumstances stated it cannot be held as a matter of law that the engineer was not engaged in the business of the defendant at the time of the accident.

APPEAL by the plaintiff, Bertha Bush, as administratrix, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 5th day of January, 1923, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Hamilton Ward* [*William J. Flynn* of counsel], for the appellant.

*Harold J. Adams*, for the respondent.

SEARS, J.:

A nonsuit was granted upon the trial of this action at the close of the plaintiff's case upon the theory that the defendant was not responsible for certain acts of its employee, even though negligent, because these acts were as matter of law not done by such employee in the defendant's service.

The defendant is engaged in the business of manufacturing and selling millinery and maintains a warehouse in the city of Buffalo with necessary boilers and heating apparatus. The defendant employed a man named Steuber as engineer. There developed in one of the boilers a buckle or blister, a defect which an ordinary

engineer or mechanic would not be able to correct, and the defendant entered into an oral contract with a firm of boiler makers, Howard Brothers & Co., to make the repair. This firm sent four men who were experts, who, on arriving at the defendant's premises, were met by the engineer, Steuber, who went with them to the basement, got lights for them, and boards " and things like that " that the repairmen needed. The repairmen had brought their tools with them and had also brought a Wells light, a device which burns kerosene oil and which is used for heating surfaces. This apparatus works on the same principle as a painter's blow-torch. Kerosene is the only fuel used in it. The repairmen filled the tank of the Wells light with kerosene before going to the defendant's warehouse, and the evidence shows that if in their work they needed more fuel the repairmen would get the fuel from the people for whom they were working or would send back to the shop for it, in which case it would be charged as part of the expense of the job. While the repairmen were working on the boiler, Steuber was in and out, and at certain times there was also an inspector there. At one time Steuber asked the inspector if he could fire up the boiler when the boiler men were done, to which the inspector replied " yes." The inspector left and returned and ordered the repairmen to put on more heats. The foreman of the repairmen asked one of his men to look in the tank of the Wells light to see if there was enough oil to proceed with the work. One of the repairmen asked Steuber if he had a Stillson wrench to open the tank. Steuber then got such a wrench and the tank was opened. Steuber also got a stick to measure with and put it in the tank. The foreman of the repairmen said that there was not enough oil and turning to Steuber asked: " Have you got any kerosene oil around here? " to which Steuber replied, " Yes, I can get you all you want; " the foreman said: " Get ten gallons." Steuber went away and brought back a can and said: " How will that do? " and the foreman said: " All right, fill it up." Steuber then spoke to two other employees of the defendant together, one a foreman of chauffeurs and the other a chauffeur. Steuber asked the foreman of chauffeurs where they got their " gas " and the foreman told him that they had a charge account with a certain company, and Steuber told them to get ten gallons of *gasoline* and to bring it back to a certain place. The evidence shows that the chauffeur was authorized to get gasoline only for his own car — the requirement of the defendant being that other orders should come from the office. Nevertheless, the chauffeur went and got the gasoline, brought it back to Steuber, Steuber took the can of gasoline back to the repairmen and poured it into the tank. In so doing, some was spilled and ran over the floor

a distance of a few feet where it came close to an open flame and an explosion occurred which killed the plaintiff's intestate and three other men, including Steuber and the inspector. The negligent act complained of was in furnishing gasoline instead of kerosene. On these facts the trial court ruled that Steuber, in obtaining and furnishing the volatile gasoline, was not acting as the employee of the defendant.

Throughout this time, Steuber was in the general employ of the defendant. He was never in the general employ of Howard Brothers & Co. While his duties are not specifically shown, he is called the engineer, which, of course, included the firing of the boiler, and a jury could say that it included such ordinary repairs and work about the boiler as an ordinary mechanic would do. While the boiler makers were there, he seems to have been interested to get the work done and to be generally helpful. "A master is liable for the result of a servant's negligence when the servant is acting in his business; when he still is engaged in the course of his employment. It is not the rule itself but its application that ever causes a doubt." (*Riley* v. *Standard Oil Co.,* 231 N. Y. 301.)

We are not called upon to determine whether a jury might not have found that Steuber was not engaged in the defendant's business, but whether it can be said, as matter of law, that he was not engaged in the defendant's business. Howard Brothers & Co. were independent contractors doing but one thing, namely, repairing the boiler. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Garlinger* v. *Linwood Construction Co.,* 206 App. Div. 107.) Steuber unquestionably did certain minor things to assist the independent contractors in their work, but a jury could have found that the helping of the independent contractors was for the benefit of the defendant. We do not know what orders Steuber had. It does not appear whether or not he disobeyed any given to him. But even a disobedience of orders is not the determinative fact of whether the work is within the scope of an employee's duties. (*Cosgrove* v. *Ogden,* 49 N. Y. 255; *Herrman* v. *New York Edison Co.,* 175 App. Div. 535.) Nor will a slight deviation, even for the servant's own benefit, from the course of work required by the master necessarily relieve the master from liability for an accident occurring during such deviation. (*Quinn* v. *Power,* 87 N. Y. 535; *Jones* v. *Weigand,* 134 App. Div. 644.)

In *Charles* v. *Barrett* (233 N. Y. 127) the rule relating to *ad hoc* employment is restated: "The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new

relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division."

In the present case, the general employment of Steuber by the defendant being unquestioned, the acts done not in furtherance of his own purposes, we find no evidence from which we can say, as matter of law, that command was surrendered unless we draw an inference of such surrender from the mere fact that the purposes of Steuber's acts were to advance both the business of his employer, the defendant, and of the independent contractors, which, under authority of the last citation, we may not do.

In our opinion, a jury would at least have been entitled to say that the acts of Steuber were done in the course of his service in his employer's business, and that being so, the nonsuit was erroneous.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.