JOSEPH L. VIESER, Appellant, *v.* DAVID S. BELLOWS, Respondent.

First Department, June 6, 1924.

Sales — action by buyer for failure to deliver — defense that price stated in written contract was mistake — plaintiff testified to negotiations and conversations before execution of contract — error to reject oral evidence by defendant to show mistake and to contradict plaintiff — parol evidence rule not applicable — trial — direction of verdict error where plaintiff's witness who testified to damages was interested.

In an action by a buyer of goods to recover damages for failure to deliver, in which the defense interposed is that the p⁀⁀ stated in the written contract was so stated by mistake and that, therefore, the contract alleged in the complaint was never made, it was error to reject parol evidence on the part of the defendant to show the mistake, especially in view of the fact that the plaintiff testified to negotiations and conversations between the parties before the contract was made, for under such circumstances the parol evidence rule is not applicable, and furthermore, defendant's testimony should have been admitted for the purpose of contradicting the testimony given by the plaintiff.

The request of the defendant to go to the jury on the question of damages should have been granted, and it was error to direct a verdict in favor of the plaintiff, since it appears that the plaintiff's witness, who testified as to the amount of the damages, was interested.

DOWLING, J., and CLARKE, P. J., dissent, with opinion.

APPEAL by the plaintiff, Joseph L. Vieser, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 1st day of May, 1923, reversing a judgment of the City Court of the City of New York, and directing a new trial. The plaintiff on this appeal has stipulated for judgment absolute.

*Abraham Rickman* [*Max Silverstein* with him on the brief], for the appellant.

*Siegel & Corn* [*Isaac Siegel* of counsel; *Jacob H. Corn* with him on the brief], for the respondent.

FINCH, J.:

This is an action for damages for breach of an alleged contract whereby the defendant agreed to sell to the plaintiff certain canteens and mess kits. The plaintiff alleges non-delivery and claims the difference between the contract and market prices as his damage. The alleged contract was signed by both parties and is as follows:

" Jos. L. VIESER,
        " 3223 Berks Street, Phila., Pa.
                " To D. S. BELLOWS   *   *   *
" Terms Freight   *   *   *

| | | | |
|---|---|---|---|
| " 100 Cases Canteens | 75 to a case | 2.25...... | 225.00 |
| " 100 Cases Mess Kits | | 2.25...... | 225.00 |
| | | | 450.00 |
| " Deposit........................ | | | 60.00 |
| " Balance............................. | | | 390.00 |

        " Received 60 Deposit
            " Balance S /D              S D B /L
            " S. BELLOWS              JOSEPH L. VIESER."

The answer contained a general denial of all of the material allegations of the complaint, which includes the making of the contract, and as a separate and distinct defense sets up that the plaintiff and the defendant made an agreement of a totally different kind, namely, an agreement by which the articles were to be sold at two dollars and twenty-five cents per dozen and not at two dollars and twenty-five cents per case, as appears in the writing. A majority of the Appellate Term has held that the defendant has sufficiently set up in its answer the defense of mutual mistake and that due to the error of the bookkeeper the minds of the parties did not meet on the contract as alleged in the complaint and hence the defense is good. This was the defense which the defendant sought to establish by evidence at the trial, namely, that the items were sold to the plaintiff at two dollars and twenty-five cents per dozen and that the bookkeeper in entering the agreement made the error. That thus no contract as alleged in the complaint ever came into being, the defendant could show. (*Hume* v. *United States*, 132 U. S. 406; *Madison* v. *Benedict*, 73 App. Div. 112; *Ross* v. *McCaldin*, 195 N. Y. 210; *Juilliard* v. *Chaffee*, 92 id. 529.) In *Meyer* v. *Lathrop* (73 N. Y. 315) the court, in affirming the parol evidence rule, said with reference to oral testimony showing mutual mistake: " Such testimony was, however, competent upon another

and a different ground. And for the reason that it tended strongly to establish that there was a mistake; that both parties understood the contract as it is alleged it ought to have been, and as in fact it was, but for such mistake."

In addition, the plaintiff testified at length to the negotiations and conversations between the parties leading up to the written contract. The court, over repeated objection and exception, excluded testimony offered on the part of the defendant which contradicted the oral testimony given by the plaintiff, giving for its reason that it would be a violation of the parol evidence rule. The evidence offered on behalf of the defendant was admissible either on the ground that it was in support of the defendant's defense that no contract came into being by reason of the mistake of the bookkeeper in reducing the agreement to writing or because the plaintiff, by himself giving oral testimony of the negotiations and conversations leading up to and embodied in the written agreement, prevented the plaintiff from relying on the parol evidence rule. The defendant should have been permitted to introduce his version of the negotiations and conversations, not only for the purpose of contradicting this testimony on the part of the plaintiff, but also to show what the true agreement was. In 17 Cyc. 753, it is said: " Where one party has introduced evidence of the conversations and negotiations leading up to a written agreement, the other party may give evidence as to the same matters, notwithstanding an objection that the evidence offered by him tends to vary or contradict the writing." (*Shaw* v. *Stone,* 1 Cush. 228, 242; *Mowry* v. *Smith,* 9 Allen, 67, 68.)

Even without deciding the above questions, the determination of the Appellate Term in granting a new trial will have to be affirmed, since the trial court was in error in directing a verdict for the plaintiff. The request of the defendant to go to the jury on the question of damages should have been granted. The witness Sherman testified on behalf of the plaintiff: " Q. You say that the fair and reasonable value of that merchandise was $12.50 per case? A. Yes, sir. * * * Q. You are the man that agreed to pay $10 a case for these goods? A. Yes, sir. Q. And, notwithstanding that you agreed to pay $10 a case, at that time, you say you heard of other sales at $2.25? A. Yes, they were sold at that time for $2.50 per case." Since this witness admittedly bought the goods from the plaintiff for ten dollars a case, and had not yet settled with the plaintiff on his uncompleted contract, he was an interested witness and his testimony was for the jury. (*Steele* v. *Hammond,* 136 App. Div. 667.) It was also a fair inference from the testimony that the market value of the goods was only the value which this actual

sale showed, namely, ten dollars, and not twelve dollars and fifty cents a case, which the witness insisted upon. The court directed the verdict on the basis of twelve dollars and fifty cents.

It follows that there was an error upon the trial in directing a verdict and that the determination of the Appellate Term granting a new trial should be affirmed, with costs, and in accordance with the plaintiff's stipulation judgment absolute is ordered for the defendant.

McAvoy and Martin, JJ., concur; Clarke, P. J., and Dowling, J., dissent.

Dowling, J. (dissenting):

Plaintiff brings suit to recover damages for the breach of an agreement in writing between him and defendant, as follows:

" Telephone Canal 0948        New York, *Mar.* —, 192
" Jos. L. Vieser
    " 3223 Berks St.
        " Phila. Pa.
                " To D. S. Bellows
                " Jobber and Exporter of
                " General Merchandise
    " Entire Stocks, Manufacturing Plants and Surplus Stocks
        Bought for Cash.
    Terms Freight                      402 Broadway
    " 100 Cases Canteens   75 to a case   2.25......  225.00
    " 100 Cases Mess Kits               2.25......  225.00
                                        _____
                                        " 450.00
            " Deposit.............................   60.00
                                        _____
            " Balance.............................  390.00
                    " S. D. B./L.
    " Received                      JOSEPH L. VIESER
        " 60 Deposit
    " Balance S/D
        " S. BELLOWS "

The complaint alleges that at the time of making the agreement plaintiff paid defendant the sum of $60 on account of the purchase price, leaving a balance of $390 still due; that such balance was payable upon the delivery of the merchandise; that plaintiff duly demanded the merchandise of the defendant and duly offered and was at all times ready, able and willing to pay defendant the said balance of $390, but defendant in violation of the agreement refused

to deliver the merchandise and informed plaintiff that he would not deliver the same.

The testimony offered by plaintiff supported the allegations of his complaint, and showed that the written agreement was drawn by defendant's bookkeeper after defendant spoke to him; and that defendant asked plaintiff to sign the paper and the defendant signed it also.

The letters "S. D." appearing on the paper were testified to mean "sight drafts," and the letters "B. L.," bill of lading.

The proof of damage was given by a qualified witness, one Sherman, a dealer in the very goods in question, who swore that the market value on March 23, 1922, was twelve dollars and fifty cents a case, and that he had made a sale at that price. He admitted he had bought them himself as low as fifty-five cents a pound from the government, and that he knew of sales as low as two dollars and fifty cents a case; but he could not get them on the market in March, 1922, for less than twelve dollars and fifty cents a case, and he had bought these very goods in suit from plaintiff at ten dollars a case, having an order himself for their resale at twelve dollars and fifty cents a case. He swore he thought he was getting them cheap when he bought them from plaintiff at ten dollars per case. There was no contradiction of the testimony of this witness.

The answer of the defendant was first a general denial of the allegations of the complaint, except an acknowledgment that plaintiff had paid him the sum of $60. It then set up as a first defense the making of an entirely different agreement between the parties, by which 100 cases of canteens were to be sold at the price of $2.25 per dozen, each case to contain six and one-quarter dozen of canteens, and 100 cases of mess kits at $2.25 per dozen, each case to contain five dozen, making a total for the 200 cases of $2,531.25, on which plaintiff has paid $60 on account, leaving a balance of $2,471.25, which plaintiff has failed to pay, though defendant was ready, willing and able to deliver the merchandise. The defense concludes: " * * * and that the agreement as made between the parties on said day relating to the sale of said cases of canteens and mess kits was and is as stated in this defense and not as stated in the complaint."

It thus clearly appears that what defendant was seeking to do by this pleading was to entirely ignore a written agreement of purchase and sale, complete in all its details and signed by both the parties thereto, and to substitute for it an alleged oral agreement. The contract in suit was clear and unambiguous, no errors appear upon the face thereof, and there was no error or inadvertent mistake

made in extending the amounts, such as was given as a ground for relief in *City of New York* v. *Dowd Lumber Co.* (140 App. Div. 358), cited by the Appellate Term. In that case the item on the bid submitted was " 3000 pieces spruce at 35c per piece — $105," instead of $1,050, an error apparent upon the face of the paper.

There is no claim of fraud or deceit upon the part of plaintiff in the making of this contract. It was drawn by defendant's own employee. There is no claim of mutual mistake, and plaintiff stands upon the contract and seeks to enforce its provisions.

The answer sets up no claim of a mistake of any kind in the writing sued on, nor are any facts alleged upon which any court could grant equitable relief by reforming this contract. It simply calmly ignores the written agreement of the parties, sets up a different oral agreement as having been made, and says that was the real contract of the parties. If such a pleading is sufficient to dispose of a written contract, then the unbroken succession of cases upholding the prohibition of parol evidence to vary or contradict a written contract becomes of no further value, and written contracts possess no further vitality. As was said by Mr. Justice LAUGHLIN writing for a unanimous court in *Ward* v. *Union Trust Co.* (166 App. Div. 762, 765): " None of those authorities, however, sustain the contention made in behalf of the respondent that a defendant may admit the execution and validity of a contract in writing and at the same time, without reforming it, show in defense to the action at law thereon, not that there was no agreement at all on a particular subject embraced in the contract, but that the agreement thereon negotiated by the parties was not as evidenced by the writing; and all of the authorities are, I think, to the contrary. [*Born* v. *Schrenkeisen,* 110 N. Y. 55; *Studwell* v. *Bush Co.* 206 id. 416; *Thomas* v. *Scutt,* 127 id. 133; *City of New York* v. *Matthews,* 156 App. Div. 490; *Rubenstein* v. *Radt,* 133 id. 57; *Johnson* v. *Johnson,* 157 id. 289; *Kraus* v. *Smolen,* 46 Misc. Rep. 463.]

" If the doctrine for which counsel for the respondent contend were to prevail, then in every action at law based on a contract in writing it would be open to the defendant to claim before a jury that certain agreements upon which the minds of the parties met in the preliminary negotiations were through inadvertence or by mistake omitted from the formal contract, and thus contracts, without being reformed, would always be subject to such defenses, and no contract which a jury would consider inequitable or unjust or harsh could ever be enforced. There is no precedent for such

35

a theory, and none should be established. If the agreement, as reduced to writing, does not embody the agreement of the parties with respect to the payment of the taxes, then a court of equity should reform it, and as reformed it will be a complete defense to the action." (See, also, *Independent Trading Co., Inc.,* v. *Fougera & Co., Inc.,* 192 App. Div. 686; *Ocheo Realty Corporation* v. *Sev Realty Corporation,* 205 id. 324.)

I believe the learned trial judge was right in refusing to receive evidence to contradict or vary the written contract of the parties, and in directing a verdict for plaintiff upon the undisputed facts in the case; and I, therefore, dissent from the affirmance of the determination of the Appellate Term and vote to reverse the same and to reinstate the judgment of the City Court.

CLARKE, P. J., concurs.

Determination affirmed, with costs, and judgment absolute ordered in favor of the defendant, in accordance with plaintiff's stipulation, dismissing the complaint, with costs.