AGGIE LaROSE, as Administratrix, etc., of GEORGE MOSLEY, Deceased, Appellant, v. EDWARD J. DONNELLY and Another, Respondents.

Third Department, January 5, 1927.

Master and servant — action for death of plaintiff's intestate who was killed while working in respondent's stone yard — verdict was directed for respondent on theory that intestate was employee of respondent and remedy was under Workmen's Compensation Law — evidence presents question of fact as to relationship between intestate and respondent — error for court to direct verdict in favor of respondent.

In an action to recover for the death of plaintiff's intestate, who was the driver of a truck owned by a third person, and was killed while working in respondent's stone yard, it was error for the court to direct a verdict in favor of the respondent on the theory that the intestate was an employee of the respondent and that his remedy was under the Workmen's Compensation Law, for a question of fact was raised by the evidence as to whether or not the intestate was the employee of the respondent.

The fact that the respondent gave directions about the details of the work does not, of necessity, change the relation between the intestate and the owner of the truck, nor did the fact that the intestate assisted somewhat in loading the truck change the character of his relation.

APPEAL by the plaintiff, Aggie LaRose, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 19th day of March, 1926, upon the dismissal of the complaint at the close of the entire case.

*Patrick J. Keniry,* for the appellant.

*Carter & Conboy* [*J. S. Carter* of counsel], for the respondents.

DAVIS, J. When there has been nonsuit, dismissal of the complaint or the direction of a verdict, the appellant is entitled to the benefit of every fact the jury could have found from the evidence and to every favorable legitimate inference that can be drawn from all the facts. (*Westfall* v. *Leamon,* 198 App. Div. 1, 3; *Foulke* v. *New York Consolidated R. R. Co.,* 228 N. Y. 269, 273.) On the trial of this case a verdict was directed for defendants. There is no question but it was properly directed in favor of Anna A. Donnelly. We will consider only the appeal as to the other defendant.

Donnelly owned a stone yard; Joseph Mahon furnished a truck and driver to deliver curbstone from this yard, for which Donnelly paid him thirty dollars per day. One Miller ordinarily drove the truck. On the day in question Miller was called to court and left Mahon's truck in the stone yard. The work of getting out and

delivering stone was at a standstill. Donnelly telephoned Mahon and explained the situation. About a half hour later Mahon brought Mosley, the decedent, to the yard and the latter went immediately to work on the truck in Miller's place, taking his directions from Donnelly and his foreman. He had driven away with one load and was back engaged in placing stone on the truck, when the derrick used for loading the stone fell and killed him. Mahon subsequently received thirty dollars for the use of the truck and driver that day.

The right of plaintiff to recover depends upon the question as to who was the employer of Mosley at the time of the accident. If it was Donnelly, then the remedy must be sought in another tribunal. (Workmen's Compensation Law, §§ 10 *et seq.*) There unless admitted, the question of employment must be determined as one of fact. If Mahon was the employer, then Donnelly may be liable here. (Id. § 29.) Mahon was without doubt an independent contractor. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *McNamara* v. *Leipzig*, 227 id. 291; *Wagner* v. *Motor Truck Renting Corp.*, 234 id. 31.) It is undisputed that Miller was the employee of Mahon and not of Donnelly. There is practically no dispute that Mosley took Miller's place and did substantially the same work.

The defendant sought to establish that Mosley agreed to work for him until Miller returned. Both he and Mahon gave some testimony to that effect. This contention is somewhat opposed to the probabilities and the inferences to be drawn from the fact that Mahon brought Mosley to the yard where he went immediately to work; and that Mahon subsequently collected full pay.

The evidence presented by the defendant was somewhat contradictory and unsatisfactory in its character, and came largely from interested witnesses. Its purpose was to overcome the evidence of the plaintiff showing apparent employment of Mosley by Mahon. It was not of such a nature that the credibility of the witnesses was beyond question, and was not in harmony with all reasonable inferences. The evidence as a whole does not present such a clear and convincing situation to the judicial mind that a conclusion is readily reached as a matter of law. There are present those elements of disputed facts and of inferences to be drawn from these facts that make an issue for a jury. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Warner* v. *New York, O. & W. R. Co.*, 209 App. Div. 211, 213.) The rule is that where a defendant on appeal seeks to sustain a directed verdict, he must establish that there was no evidence which presented a question of fact in favor of the plaintiff. (*Carlisle* v. *Norris*, 215 N. Y.

400, 403; *McConnell* v. *Hellwig,* 190 App. Div. 244.) If he fails, the direction of a verdict was error. (*Vieser* v. *Bellows,* 209 App. Div. 540; appeal dismissed, 239 N. Y. 622.)

When the servant of one is engaged temporarily in doing work for another, the question of who was his employer at a particular time is always troublesome. (*Braxton* v. *Mendelson,* 233 N. Y. 122, 124.) When the facts are not in dispute, it may be determined as a matter of law. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Matter of Litts* v. *Risley Lumber Co.,* 224 id. 321.) But more often it becomes a question of fact. (*Standard Oil Co.* v. *Anderson,* 212 U. S. 215, 220; *Bush* v. *Sinclair-Rooney & Co.,* 207 App. Div. 699.) " The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division." (*Charles* v. *Barrett,* 233 N. Y. 127, 129.) It would appear that Mosley was furthering the business of Mahon at the time in question.

The fact that Donnelly gave directions about the details of the work and in a sense controlled his acts, does not of necessity change the relation that Mosley bore to Mahon who had the right to give him general orders. (*Driscoll* v. *Towle,* 181 Mass. 416; *Braxton* v. *Mendelson, supra; McNamara* v. *Leipzig, supra.*) Nor did the fact that Mosley stood on the truck and assisted somewhat in placing the stone and performing the incidental duties that arose in the course of the employment, change the character of his relation to the parties engaged in the work. (*Matter of Costello* v. *Taylor,* 217 N. Y. 179; *Matter of Dale* v. *Saunders Bros.,* 218 id. 59, 63.)

We think the learned trial court erred in holding as a matter of law that Mosley was the servant of Donnelly. The questions of employment and negligence were for the jury to determine. The judgment should be reversed on the law and a new trial granted as to the defendant Edward J. Donnelly, with costs to appellant to abide the event. The judgment in favor of the defendant Anna A. Donnelly should be affirmed.

Cochrane, P. J., Hinman and McCann, JJ., concur; Van Kirk, J., not voting.

Judgment as to the defendant Anna Donnelly affirmed, and as to the defendant Edward J. Donnelly judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.