CHAPIN-OWEN CO., INC., Respondent, v. MATHEW EMMETT YEOMAN, Appellant.

Fourth Department, May 22, 1931.

*Raines & Raines* [*Charles J. O'Brien* of counsel], for the appellant.

*Wile, Oviatt & Gilman* [*G. B. Rice* of counsel], for the respondent.

THOMPSON, J. Defendant has a contract with the city of Rochester for supplying a team and driver for drawing a wagon owned by the city in going about the city gathering waste paper. The wagon was kept at his barn. For this service he was paid at the rate of thirty-five dollars for five days. Covering the period of the occurrence litigated in this action he made an arrangement with one Durnan to supply a team and driver for the purpose of doing this work for the city in defendant's place, for which he paid him the same compensation that he received from the city. Durnan paid the driver of the team and defendant had no relation with him whatever. The only directions given by defendant during this period were upon the first morning when he told Durnan where he was to report and what he was supposed to do. The accident for which plaintiff has recovered a judgment for damages against defendant occurred during this two weeks' period and was found to be due to the negligence of the driver of the team in leaving it unattended and unhitched on a public street in the city of Rochester, the testimony showing that the team with their bridles off and hanging on the hames and drawing the city wagon ran into and damaged plaintiff's truck.

The action was tried before one of the City Court judges without a jury and resulted in a verdict for the plaintiff, which upon appeal to the County Court has been affirmed. This is an appeal from the judgment of the County Court. Upon the facts, as above related, the City Court found both as fact and law that the driver of the team was the servant of defendant at the time of the accident. We hold a different view. This is not the case of the loan of a servant by his employer to another in which direction superintendence and control are surrendered entirely to the person to whom the servant is temporarily loaned for the purpose of

doing the latter's work. (*Braxton* v. *Mendelson*, 233 N. Y. 122; *McNamara* v. *Leipzig*, 227 id. 291.) Rather is it a case where a general employer has entered into a contract to do the work of another, as an independent contractor (*Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97, 99), in which case " his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence." (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345, 349.) Defendant never gave an order or a direction to Durnan's driver. He did not hire or pay him. He could not discharge him. The driver was in the general employment and furthering the work of Durnan during the whole time. He was subject exclusively to his command, and looked solely to him as his employer and master. " On the one side there is an intimacy of control and on the other a fullness of submission that imports the presence of a * * * master." (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 63.)

" The party possessing the power to exercise such control, rather than the party having authority to designate the place and time for the performance of the work, is the master who must respond for the negligence of the servants." (*Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66, 70. See, also, *McNamara* v. *Leipzig*, 227 id. 291, 294.)

" The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division." (*Charles* v. *Barrett*, 233 N. Y. 127, 129; *Bush* v. *Sinclair-Rooney & Co.*, 207 App. Div. 699.)

Upon the facts here found there can be but one conclusion and that is that defendant was not the employer of the driver of the team, and is not responsible for his negligence.

The judgment should be reversed and the complaint dismissed, with costs to appellant.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment of Monroe County Court and judgment of City Court reversed on the law, with costs in this court and in the County Court, and complaint dismissed, with costs.