PAULINE HENION AND EDGAR HENION, HER HUSBAND, RESPONDENTS, v. D. FULLERTON & COMPANY, APPELLANT.

Submitted January 25, 1935—Decided June 20, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Jerome Alper*.

For the respondents, *Michael J. Murphy*.

LLOYD, J.   A judgment was recovered against the appellant based on the alleged negligence of its employe.   From the judgment the defendant appeals, contending that its motion for the direction of a verdict in its favor should have been granted.

The evidence disclosed that Mrs. Henion went to the store of one Weinstein to purchase meat, and that while in the store for that purpose the driver of the defendant's truck entered the store with a quarter of beef and dropped it on a meat block.   As he did so a knife flew off the block and struck her hand.

The ground urged for the direction was that at the time the driver was acting for Weinstein and not as the servant of the defendant.

Our examination of the proofs satisfies us that the question of employment at the time was one of fact for the jury to whom the case was submitted.   The driver was in the general service of the defendant as a truckman delivering meat to its

customers, and had been so employed for eleven years. The effort was made to show that this general employment had been suspended at the time of the accident; that in placing the meat on the block the driver was acting for the store-keeper Weinstein; and in support proof was adduced to the effect that delivery of meats was usually made by placing them in the ice box of the store; that on occasion Weinstein would request the meat be placed on the block and cut up; that at times he would pay the driver for so doing; that unless placed in the ice box it could only be placed on the block; that on this occasion the driver was requested by Weinstein to place the quarter of beef on the block and cut it up. As was said in the case of *Charles* v. *Barrett,* 233 *N. Y.* 127, "as long as the employe is furthering the business of his general employer by the service rendered to another there will be no inference of a new relation unless command has been surrendered." See, also, *Pederson* v. *Edward Shoe Corp.,* 100 *N. J. L.* 566.

It was the defendant's custom to cut meat up when requested and there was some proof that this might be done at the customer's store. Whether under all the facts there was a momentary surrender of the general employment and the establishment of a new was a question for the jury and not for the court.

The judgment is affirmed, with costs.