ROBERT THOMAS, an Infant, by ROBERT C. THOMAS, His Guardian ad Litem, et al., Appellants, *v.* CITY OF NEW YORK, Defendant, and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Argued April 15, 1941; decided May 29, 1941.

*Mitchell May, Benjamin H. Siff* and *Joshua S. Lev* for appellants.

*William C. Chanler, Corporation Counsel (Charles F. Murphy, Paxton Blair* and *Irving Galt* of counsel), for respondent.

CONWAY, J. The infant plaintiff, a boy of fifteen years, suffered the loss of an eye, when a scriber which had been inserted into and clamped in place in a chuck, which was

part of a speed lathe, flew from its fastening. The action was submitted to the jury upon the theory that the defendant Board of Education failed in its duty to the pupils, of whom plaintiff was one, in permitting them to use a broken and defective machine, with notice of its condition. Before the jury retired to deliberate, the trial court reserved decision upon a motion to direct a verdict in favor of the defendant. In his charge the trial court made it clear to the jury that any verdicts for the plaintiffs must rest upon their finding that "the Board of Education itself failed in its duty to be reasonably careful and prudent in furnishing such machines as were reasonably safe."

The jury rendered verdicts in favor of the plaintiffs. The trial court set the verdicts aside and then directed a verdict in favor of the defendant. In so directing a verdict, he said: "My conclusion upon the whole case is that the evidence is substantially, if not literally, uncontradicted that the chuck which the plaintiff put in evidence is not defective, and that it is in the same condition now as at the time of the accident. Any finding that it is not now the same would rest wholly upon a suspicion, and a suspicion contrary to the testimony of a chain of witnesses who have accounted for the custody of the chuck from the time of the accident until now. The only finding warranted by the evidence is that the accident was due to the manner in which the plaintiff inserted the scriber in the chuck."

Entirely apart from the fact that the credibility of the teacher in charge of the machine shop at the time of the accident, and who was one of those in the "chain of witnesses" referred to by the court, was clearly a question of fact for determination by a jury, the direction of a verdict constituted error of law. (*McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66.) The trial court had correctly left it to the jury to determine the questions whether the lathe was defective and whether the Board of Education had notice thereof, after the infant plaintiff had made out a *prima facie* case in respect to both of those matters. What the court in effect said, in directing a verdict, was that proof

of those facts was overcome by the uncontradicted testimony of the witnesses for the defendant who testified that the condition of the chuck, at the time of the trial, was the same as at the time of the accident. This was tantamount to saying that the testimony of the witnesses for the defendant was credible as a matter of law and that plaintiffs' proof to the contrary was incredible as a matter of law.

The verdicts of the jury may not be reinstated. The motion to set aside the verdicts and for a new trial may have been granted upon any of the grounds mentioned in section 549 of the Civil Practice Act and not upon the narrow ground upon which the verdict was directed.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgments reversed, etc.