384

Leo M. Brimmer, of New York City (Philip J. O'Brien and John G. Coleman, both of New York City, of counsel), for appellant Welsh.

Samuel B. Ohlbaum, of New York City (Irving T. Wolfson, of New York City, of counsel), for appellants Parise Trucking Co., Inc., and Louis C. Parise.

Dominic B. Griffin, of Brooklyn, N. Y., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This is a personal injury action brought in the federal court on the ground of diverse citizenship. On September 6, 1940, while the plaintiff was riding on a five-ton motortruck equipped with winch and boom, he sustained serious injuries through the falling of the boom. The complaint charges the defendants with negligence in failing properly to secure the boom so as to prevent its falling. The motortruck was owned by Parise Trucking Company and driven by its employee, Louis C. Parise. The other defendant, John H. Welsh, who was under contract with the Long Island Railroad Company to furnish trucks and chauffeurs for use in a grade crossing elimination program upon which the railroad was engaged, hired the truck and driver from the Trucking Company. On the date of the accident Parise drove the truck from the premises of the Trucking Company to Welsh's place of business where he received instructions to report for orders at the Ozone Park freight yard of the railroad. On arriving there, he was told by a railroad foreman that the truck was to be used to haul heavy reels of lead-sheathed cable to different points in Woodhaven, L. I. A crew of six railroad employees, of whom the plaintiff was one, assisted in loading and unloading the reels. Parise alone operated the winch and boom in lifting the reels on and off the truck and alone handled the lines or ropes in making the boom secure for travel. The truck made two uneventful trips between the freight yard and Woodhaven; the accident happened on the third trip. For this trip two reels of different sizes were loaded on the truck. The larger one, having a diameter of 8 or 9 feet, was placed upright on the forward right-hand side of the floor parallel with the truck body; the other, whose diameter was substantially less, was placed upright to the left and somewhat to the rear of the larger reel. The evidence was in dispute as to whether the smaller reel was

parallel to the larger one or was set cater-corner toward the left side of the truck. Before leaving the yard Parise elevated the boom and secured it for travel. The plaintiff then climbed on the truck and sat on the floor facing its left side and having his back against the large reel. Some fifteen minutes later, while the truck was proceeding at moderate speed along the public street, the boom suddenly fell, crushing the plaintiff's right leg. Witnesses for the plaintiff testified that the elevated boom cleared the rear reel by about 6 inches and was made fast by the block line which Parise wrapped around a cleat at the base of the boom. Their theory of what caused it to fall was that the block line was not securely fastened to the cleat and slipped off. Parise himself testified that he rested the boom on the top of the rear reel, and his theory of the accident was that the reel moved, because it had been improperly chocked by the railroad employees, and its movement caused the boom to slide off and drop. The jury was instructed that if they found Parise negligent in securing the boom against falling, they might bring in a verdict not only against him but also against his employer, the Parise Trucking Company, and against Welsh because Welsh was also responsible for the chauffeur's acts while he was engaged on Welsh's work. A verdict for $15,000 was found against all three of the defendants. The Trucking Company and Parise individually have appealed on the ground that the evidence was insufficient to prove negligence on their part. Appellant Welsh adopts their argument as to lack of proof of negligence and urges independently that Parise was not his servant and that the trial judge charged incorrectly as to his responsibility for Parise's acts.

The evidence is sufficient to support the verdict against Parise whether the jury adopted the plaintiff's or the defendants' theory of the cause of the boom's falling. If it was elevated above the rear reel, he was clearly at fault. In a signed statement (Exhibit 13) he admitted that "if this boom was properly secured for travel it could not drop. The equipment was not defective and none of the cable broke." Since the cable did not break, it must have slipped; hence the jury could find negligence in the way it was made fast to the cleat. Nor can Parise escape the charge of negligence if he rested the boom on top of the reel and it slid off because the reel moved. He testified that he warned Conn, one of the railroad crew, that the chocks should be doubled up and nailed down; that Conn refused to do it and told him to proceed on his way. Being fearful that the reel might move, Parise should at least have drawn taut the cable of the boom so that, if the reel did slip, the boom could not fall. In his statement (Exhibit 13) he said: "The only reason I can give is that there was too much slack in the cable of the boom which permitted it to drop when (sic), either slipping off the reel or else reel shifted." Whether the jury gave credence to the testimony of the witnesses called by the plaintiff or of those who testified for the defendants, they were justified in finding negligence in the way Parise secured the boom for travel. On principles too familiar to require citation of authority his negligence may be imputed to his employer. Hence the verdict against the Trucking Company must also stand.

There remains for consideration the appeal of Welsh who contends that he cannot be held responsible for the negligence of Parise. This is a matter to be determined by the local law. The question of the responsibility of one who hires an instrumentality and its operator for the operator's torts has been much litigated in the courts of New York and uniform application of the recognized principle to different sets of facts seems not always to have been made. See Charles v. Barrett, 233 N.Y. 127, 129, 135 N.E. 199; cf. Schmedes v. Deffaa, 214 N.Y. 675, 108 N.E. 1107, reversing 153 App.Div. 819, 138 N.Y.S. 931. The subject has been ably reviewed in a recent opinion written by the present Chief Judge of the Court of Appeals. Irwin v. Klein, 271 N.Y. 477, 3 N.E.2d 601. That decision fits the case at bar like a glove. The position of Welsh with respect to Parise is the same as that of Paramount Publix to the automobile driver in Irwin v. Klein. Welsh surrendered to the railroad the same control of the truck driver as the Trucking Company had surrendered to him. It is true that Welsh's contract with the railroad provided that "the chauffeur shall be the employee of J. H. Welsh." But this provision cannot be effective to give him such status as between Welsh and the plaintiff. In viewing Welsh's legal relations with the plaintiff whether Parise was Welsh's employee must depend upon the facts proven. Clearly Welsh could control the chauffeur only to the extent of giv-

ing instructions where to report with the truck for work; he could give no orders as to how Parise was to operate the winch and boom or secure the boom for travel. As to those matters his relations with his general employer were not changed; no control in these respects was ever surrendered by the Trucking Company to Welsh. As to Welsh the judgment must be reversed and the complaint dismissed. As to the other appellants the judgment is affirmed.