ROSARIO ZUCO et al., Appellants, v. ISIDORE FUNT et al., Respondents, et al., Defendants.

Argued January 6, 1944; decided March 2, 1944.

*Paul O'Dwyer* for appellants. I. The plaintiff established a *prima facie* cause of action against each respondent. (Labor Law, § 241; *McNamara* v. *Eastman Kodak Co.,* 220 N. Y. 180; *Berla* v. *Zambetti,* 235 App. Div. 464; *DeHaen* v. *Rockwood Sprinkler Co.,* 258 N. Y. 350; *Caminiti* v. *Matthews Construction Co., Inc.,* 241 App. Div. 879; *McRickard* v. *Flint,* 114 N. Y. 222; *Flanagan* v. *Carlin Construction Co.,* 134 App. Div. 236; *Meyers* v. *Barrett,* 167 App. Div. 170; *Lyles* v. *Terry & Tench Co.,* 227 N. Y. 361; *Rooney* v. *Brogan Construction Co.,* 194 N. Y. 32; *Employers' Liability A. Corp.* v. *Post & McCord,* 286 N. Y. 254; *Sweet* v. *Perkins,* 196 N. Y. 482.) II. The Appellate Division was in error in holding that the testimony of the plaintiffs' witness Marino was incredible as a matter of law. (*Tarter* v. *U. S.,* 17 F. Supp. 691; *Schramme* v. *Lewinson,* 126 App. Div. 279.)

*Sidney J. Loeb, Charles H. Lane* and *Leo F. Potts* for Isidore Funt, respondent. I. Defendant Funt conformed with all obligations resting upon him under the law. (*Caspersen* v. *La Sala Bros.,* 253 N. Y. 491; *Ithaca Trust Co.* v. *Driscoll Brothers &*

*Co.,* 169 App. Div. 377.) II. The trial court was justified in dismissing the complaint as a verdict for plaintiffs would have had to be set aside. (*Bank of United States* v. *Manheim,* 264 N. Y. 45; *Serina* v. *New York Railways Corporation,* 238 App. Div. 302; *Matter of Case,* 214 N. Y. 199; *Drummond* v. *Norton,* 156 App. Div. 126.)

*William L. Shumate* for Sunrise Iron Works, Inc., respondent. I. The evidence, considered as a whole, established so clearly and convincingly that no steel work was in fact being erected above the tier of steel beams that any verdict based on a contrary finding must necessarily have been set aside. (*Matter of Case,* 214 N. Y. 199.) II. Sunrise Iron Works, Inc., was not constructing the building. (*Lotocka* v. *Elevator Supplies Co.,* 246 N. Y. 295.)

*Martin A. Crean* for Sunset Gardens, Inc., respondent.

*Per Curiam:* The evidence presented an issue of fact as to whether, in the construction of the building in which the plaintiff Rosario Zuco was injured, the proximate cause of his injuries was the defendants' failure to perform a statutory duty (Labor Law, § 241, subd. 4) which required them thoroughly to plank over steel beams on which structural steel work was being erected above the place where the plaintiff was working. (See *Lyles* v. *Terry & Tench Co.,* 227 N. Y. 361, 363–365.) Upon this record we cannot say, as did the Appellate Division (266 App. Div. 802), that the testimony of the witness Marino was incredible as a matter of law.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ. concur.

Judgments reversed, etc.