LOUELLA NOONAN, Appellant, v. ARTHUR H. PAINE, Respondent.— Judgment reversed on the law and a new trial granted, without costs of this appeal to either party. Memorandum: The plaintiff has appealed from a judgment entered upon a verdict of no cause for action directed by the court. The burden, therefore, is on the defendant on this appeal to show that there was no evidence which presented a question of fact in favor of the plaintiff. (*La Rose* v. *Donnelly,* 219 App. Div. 181; *Smith* v. *Dotterweich,* 200 N. Y. 299.) We are obliged

to treat the testimony offered by the plaintiff as true though it might seem to us to be improbable. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Leach* v. *Town of Eastchester*, 263 App. Div. 898.) The learned Trial Justice properly held that Dr. Humphrey was qualified to express an opinion as an expert. (*Meiselman* v. *Crown Heights Hospital*, 285 N. Y. 389, 398.) We think that, as the evidence stood at the close of the trial, and the defendant has not convinced us to the contrary, the question as to whether or not the defendant was negligent was for the jury and not for the court (*Benson* v. *Dean*, 232 N. Y. 52; *Zuco* v. *Funt*, 292 N. Y. 201), and that it was legal error, under the circumstances, to direct a verdict for the defendant. (*Thomas* v. *City of New York*, 285 N. Y. 496.) As to the constitutionality of section 457-a of the Civil Practice Act, we call attention to the case of *Bank of United States* v. *Manheim* (264 N. Y. 45, 51). All concur, except Taylor, J., who dissents and votes for affirmance, and Larkin, J., not voting. (The judgment is for defendant for no cause of action in an action for personal injuries alleged to have been sustained by reason of defendant's malpractice.) Present — Cunningham, P. J., Taylor, Dowling, Harris and Larkin, JJ.